# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MANU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br>a national banking association,<br><br>Defendant. | Case No.: 19cv592-DMS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: ORDER TERMINATING SANCTIONS**<br><br>**[ECF No. 8]** |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth herein, the Court **RECOMMENDS** the case be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2019, Barbara Manu ("Plaintiff"), proceeding *pro se*, filed an action in state court alleging breach of contract. (ECF No. 1 at 2-5).[1] On

---

[1] All pincite page references refer to the automatically generated ECF page

1

April 1, 2019, Defendant JP Morgan Chase Bank, N.A. ("Defendant") removed the case to this Court. (ECF No. 1).

On April 23, 2019, the Court issued a Notice and Order setting an Early Neutral Evaluation Conference ("ENE") for May 17, 2019. (ECF No. 4). On May 3, 2019, Defendant filed an *ex parte* application to continue the ENE. (ECF No. 5). Counsel for Defendant indicated that Plaintiff's telephone number listed on the Complaint belonged to someone other than Plaintiff. (*Id.* at 1-2). The papers further indicated that Defendant's counsel sent a letter to Plaintiff's address of record requesting she contact opposing counsel and Plaintiff did not respond. (*Id.* at 2).

On May 14, 2019, the Court granted Defendant's request to continue the ENE to June 21, 2019. (ECF No. 6). The Court's May 14th order required "personal appearance by the party or the party representative" at the ENE. (*Id.* at 2). Plaintiff failed to appear at the scheduled ENE. (ECF No. 7). On June 26, 2019, the Court set a hearing for July 26, 2019, ordering Plaintiff to show cause why she should not be sanctioned for failing to appear at the ENE. (ECF No. 8). The Court ordered Plaintiff to file a written response providing reasons justifying her failure to attend the ENE and to personally appear at the show cause hearing. (*Id.*). Plaintiff did not file a written response with the Court and failed to appear at the hearing. (ECF No. 9). After the show cause hearing, the Court notified Plaintiff it would file a report and recommendation recommending the case be dismissed with prejudice. (*Id.*).

///

---

number, not the page number in the original document.

## II. DISCUSSION

### A. Legal Standard

Civil Local Rule 16.1(c)(1) provides, "Within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judicial officer supervising discovery for an early neutral evaluation conference; this appearance must be made with authority to discuss and enter into settlement." S.D. Cal. Civ. L.R. 16.1(c)(1). The local rule further explains that "[a]ttendance may be excused only for good cause shown and by permission of the court. Sanctions may be appropriate for an unexcused failure to attend." *Id.* at 16.1(c)(1)(c). "Failure to comply with the provisions of the local rules of this court may also be grounds for dismissal under [Civil Local Rule 41.1(b)]." *Id.* at 41.1(b); *see also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) ("[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal . . . .").

Under the Federal Rule of Civil Procedure, courts may sanction parties who fail to attend pretrial conferences. Fed. R. Civ. P. 16(f)(1)(A) (allowing sanctions outlined in Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)); *see Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (finding the imposition of sanctions pursuant to Rule 16 and Civil Local Rules appropriate). Rules 16(f)(1)(A) and 37(b)(2)(A)(ii)-(vii) authorize the Court to impose the following sanctions against a party failing to appear:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) *dismissing the action or proceeding in whole or in part*;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order

3

except an order to submit to a physical or mental examination. Fed. R. Civ. Pro. 37(b)(2)(A) (emphasis added).

Courts must consider five factors when determining whether dismissal is an appropriate sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) availability of less drastic sanctions. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[T]he first and second factors ordinarily will support the sanction while the fourth factor ordinarily will not. The third and fifth factors are generally determinative." *Johnson v. Goldsmith*, 542 F. App'x 607, 608 (9th Cir. 2013) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

### B. The Public's Interest in Expeditious Resolution of Litigation

Under the first factor, the Court must consider the public's interest in the expeditious resolution of the case. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

This case was removed from state court on April 1, 2019. (ECF No. 1). The Court sent to Plaintiff's address of record copies of the Notice and Order for the ENE, the Order continuing the ENE, the Order to Show Cause, and the minute entry following the show cause hearing. (ECF Nos. 4, 6, 8-9). Further, Defendant attempted to contact Plaintiff at the telephone number and mailing address she provided to the Court, with no result. (ECF No. 5 at 1-2). Since the case has been removed, Plaintiff has not filed anything with

4

the Court. She did not file a declaration, appear at the OSC, or contact the Court thereafter. Despite the Court's attempt to notify Plaintiff of her required attendance and compliance with Court orders, Plaintiff has failed to take any action. Plaintiff's failure to comply with the Court's orders hinders the progress of the case and the Court's ability to manage its docket. As such, this factor weighs toward dismissing the case.

### C. The Court's Need to Manage its Docket

Next, the Court must evaluate the extent to which its ability to manage its docket is impacted by Plaintiff's continued noncompliance. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. Since April 1, 2019, the Court has held two in-person conferences and has sent copies of three orders to Plaintiff's address of record. (ECF Nos. 4, 6, 8). The Court's attempts to obtain participation from Plaintiff have been unsuccessful. As such, the Court's ability to efficiently manage its docket has been impaired and will continue to be impaired if this case is not dismissed. This factor thus weighs in favor of dismissal.

### D. The Risk of Prejudice to Defendant

Next, the Court must evaluate the risk of prejudice to the defendant. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. Since April 1, 2019, Defendant has been the only party involved in this litigation. (See Docket). Defendant has already been prejudiced by the time, effort, and expense needed to defend this case and will continue to be prejudiced if this case is allowed to proceed. *See Reyes v. City of Glendale*, 313 F. App'x 68, 70 (9th Cir. 2009) (noting length of delay was a factor to consider under the prejudice inquiry). Accordingly, this factor also weighs in favor of dismissal.

///

///

5

19cv592-DMS-MDD

### E. The Public Policy Favoring Disposition of Cases on Their Merits

Under the fourth factor, the Court must consider the public policy favoring the disposition of cases on the merits. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to participate in his or her case. This factor, therefore, weighs in favor of dismissal.

### F. The Availability of Less Drastic Sanctions

Finally, the Court considers the availability of less drastic sanctions. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. Despite multiple opportunities, Plaintiff has taken no action to remedy her failure to comply with court orders or to prevent dismissal of her case. (ECF Nos. 4, 6-9). Through this Report and Recommendation, Plaintiff will again be given notice of the potential dismissal of her case. Given Plaintiff's complete failure to respond to the Court's orders, no less severe sanctions are feasible. *See Ervin v. Smith's Food & Drug Ctrs., Inc.*, No. 2:13-cv-2206-MMD-CWH, 2014 U.S. Dist. LEXIS 102501, at *7-8 (D. Nev. May 15, 2014) (finding dismissal was the least drastic sanction when the plaintiff had "no intention of attempting to comply with her pre-trial obligations"). Here, the Court can only conclude that Plaintiff has abandoned prosecuting this case. Therefore, this factor weighs in favor of dismissal.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered **DISMISSING**

6

19cv592-DMS-MDD

the action **WITH PREJUDICE**.

    **IT IS HEREBY ORDERED** that any written objection to this report must be filed with the Court and served on all parties no later than **October 22, 2019**. The document should be captioned "Objections to Report and Recommendations."

    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 29, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

    **IT IS SO ORDERED**.

Dated: October 1, 2019

                                              Hon. Mitchell D. Dembin
                                              United States Magistrate Judge